# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID LEE KLUTTZ, | ) |
| Petitioner, | ) |
| v. | ) 1:20CV647 |
| STATE OF NORTH CAROLINA, | ) |
| Respondent. | ) |

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 3.) Respondent has moved to dismiss on grounds of untimeliness. (Docket Entries 9, 10.) For the reasons that follow, the Court should grant Respondent's Motion to Dismiss and dismiss the Petition as untimely.

### I. Procedural History

On March 3, 2016, in the Superior Court of Davie County, a jury found Petitioner guilty of first degree sex offense with a child and two counts of indecent liberties with a child in cases 15CR050048 through 050050. (See Docket Entry 3, ¶¶ 1, 2, 4-6; see also id. at 14, 21, 30; Docket Entry 10-2 at 23-25.)[1] The trial court sentenced Petitioner to consecutive prison terms of 288 to 355 months, 19 to 23 months, and 19 to 23 months. (See Docket

---

[1] Throughout this Memorandum Opinion, pin citations to page numbers refer to the page numbers that appear in the footer appended to documents upon their docketing in the Court's CM/ECF system.

Entry 3, ¶ 3; see also id. at 15-16, 22-23, 31-32; Docket Entry 10-2 at 26-27, 29-30, 32-33.) Petitioner appealed (see Docket Entry 3, ¶ 8; see also id. at 42-43; Docket Entry 10-2 at 38-41), and the North Carolina Court of Appeals issued an opinion finding no error, State v. Kluttz, No. COA16-1097, 254 N.C. App. 346 (table), 802 S.E.2d 621 (table), 2017 WL 2950877 (July 5, 2017) (unpublished).

Petitioner thereafter submitted a pro se motion for appropriate relief ("MAR") to the trial court (see Docket Entry 3, ¶¶ 9(g), 11(b); see also Docket Entry 10-6), which Petitioner dated as signed on January 18, 2019 (see Docket Entry 10-6 at 30) but dated as verified and served on the prosecution on February 8, 2019 (see id. at 31). The trial court accepted Petitioner's MAR as filed on February 25, 2019 (see id. at 2), and denied it on October 22, 2019 (see Docket Entry 3, ¶¶ 9(g)(4), 11(b)(8); see also Docket Entry 10-7).

Subsequently, Petitioner submitted pro se petitions for writ of certiorari seeking review of the trial court's denial of Petitioner's MAR to both the North Carolina Court of Appeals (see Docket Entry 3, ¶ 12(Ground One)(d)(4)-(6), (Ground Two)(d)(4)-(6), (Ground Three)(d)(4)-(6), (Ground Four)(d)(4)-(6); see also Docket Entry 10-8), and the North Carolina Supreme Court (see Docket Entry 3, ¶¶ 9(h), 11(a) & (c); see also Docket Entry 10-10),[2] both of

---

[2] Although Petitioner indicated in the instant Petition that he sought review of his MAR's denial in the "North Carolina Supreme Court" (Docket Entry 3, ¶¶ 9(h), 11(a) & (c)), the details he provided about that filing actually
(continued...)

which Petitioner dated as signed on November 19, 2019 (see Docket Entry 10-8 at 3, 11; see also Docket Entry 10-10 at 3, 11). The North Carolina Court of Appeals accepted the certiorari petition as filed on November 26, 2019 (see Docket Entry 10-8 at 2), and denied it on December 3, 2019 (see Docket Entry 3, ¶ 12(Ground One)(d)(6), (Ground Two)(d)(6), (Ground Three)(d)(6), (Ground Four)(d)(6); see also id. at 87; Docket Entry 10-9). The North Carolina Supreme Court accepted the certiorari petition as filed on December 12, 2019 (see Docket Entry 10-10 at 2), and dismissed it by order dated February 26, 2020 (see Docket Entry 3 at 58; Docket Entry 10-11).

Petitioner then filed the instant Petition on May 27, 2020. (See Docket Entry 3 at 56.)[3] Respondent moved to dismiss the Petition on grounds of untimeliness (Docket Entries 9, 10), and Petitioner responded in opposition (Docket Entry 16). For the reasons that follow, the Court should grant Respondent's Motion to Dismiss, because Petitioner submitted his Petition outside of the one-year limitations period.

---

[2](...continued)
correspond to the certiorari petition he filed in the North Carolina Court of Appeals (see Docket Entry 10-8).

[3] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems Section 2254 petitions as filed on the date the petitioner signs the petition, under penalty of perjury, as submitted to prison authorities for mailing.

3

## II. Grounds for Relief

The Petition raises four grounds for relief:

1) "indictment defects" (Docket Entry 3, ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) (alleging as "[s]upporting facts" that a "fatal variance [existed] between the sexual assault indictments and the evidence at trail [sic]" because the indictments "failed to list the victims [sic] correct name"));

2) "ineffectant [sic] assitent [sic] of counsel" (id., ¶ 12(Ground Two)) in that "trial counsel fail[ed] to investigate prosecuting witness/victim school records and counseling records" and appellate counsel "failed to investigate and argue on appeal the issues presented" (id., ¶ 12(Ground Two)(a));

3) "[t]he motion in limine to suppress incriminating statements made by [Petitioner] was proper" (id., ¶ 12(Ground Three); see also id., ¶ 12(Ground Three)(a) (contending as "[s]upporting facts" that, during the first interrogation of Petitioner, the police "did not advise [Petitioner] of his Miranda rights and used illegal coercive techniques with use of a polygraph," as well as that the police failed to obtain a "warrant or court order" for the third interrogation)); and

4) "insufficient evidence" (id., ¶ 12(Ground Four); see also id., ¶ 12(Ground Four) (a) (asserting as "[s]upporting facts" that the "state offered no physical proof of an [sic] sexual assault," as well as that "[t]he denial of any impeachment, (as to mental

4

defects), of the state's only eye witness to the fatal assault necessitates another hearing").[4]

## III. Discussion

Respondent seeks dismissal of the Petition on the grounds that Petitioner filed it outside of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d)(1). (See Docket Entry 10 at 9-17.) In order to assess Respondent's statute of limitations argument, the Court must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] For ease of reading, when quoting from Petitioner's filings, the Court applies standard capitalization conventions.

5

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must determine timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

Respondent correctly contends that the Petition qualifies as untimely under subparagraph (A). (See Docket Entry 10 at 9-11.)[5] Under that subparagraph, Petitioner's conviction became final on

---

[5] Neither Petitioner nor Respondent argue that subparagraphs (B) or (C) apply in this situation. (See Docket Entries 3, 10, 16.) Moreover, the plain language of subparagraphs (B) and (C) confirms that they have no possible application, as Petitioner's Grounds for Relief do not assert a state-created "impediment to filing" the instant Petition, 28 U.S.C. § 2244(d)(1)(B), or invoke a new "constitutional right" recognized by the United States Supreme Court and "made retroactively applicable to cases on collateral review," 28 U.S.C. §2244(d)(1)(C). Petitioner conclusorily maintains that his MAR "filed in the Davie County Clerk of Superior Court [] was timely pursuant to 28 U.S.C. § 2244(d)(1)(D)." (Docket Entry 16 at 19.) However, subparagraph (D) could not apply because Petitioner knew, or through exercise of due diligence should have known, of the factual predicates of Grounds One, Three, and Four, as well as the ineffective assistance of trial counsel allegations of Ground Two, since his convictions on March 3, 2016, and of Ground Two's allegations of ineffective assistance of appellate counsel, at the latest, at the time of the denial by the North Carolina Court of Appeals of his direct appeal on July 5, 2017. (See Docket Entry 3, ¶ 12.) "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim . . . ." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). In his filings, Petitioner makes no attempt to explain why he could not have discovered the factual predicates of his Grounds for Relief earlier. (See Docket Entries 3, 16.) Absent any such showing, Petitioner has not demonstrated the necessary "due diligence" for application of subparagraph (D). See Freeman v. Zavaras, 467 F. App'x 770, 775 (10th Cir. 2012) (refusing to apply subparagraph (D) where petitioner failed to explain why he could not have discovered factual predicate of claim earlier); Farabee v. Clarke, No. 2:12CV76, 2013 WL 1098098, at *3 (E.D. Va. Feb. 19, 2013) (unpublished) (finding subparagraph (D) inapplicable where the petitioner's "threadbare" allegations failed to explain inability to discover predicate earlier), recommendation adopted, 2013 WL 1098093 (E.D. Va. Mar. 13, 2013) (unpublished); Norrid v. Quarterman, No. 4:06CV403, 2006 WL 2970439, at *1 (N.D. Tex. Oct.16, 2006) (unpublished) (concluding that the petitioner bore burden of demonstrating applicability of subparagraph (D)); Frazier v. Rogerson, 248 F. Supp. 2d 825, 834 (N.D. Iowa 2003) (refusing to apply subparagraph (D) when the petitioner "never identifie[d] when or how he discovered his 'new evidence'"). Accordingly, subparagraph (D) does not apply.

6

August 9, 2017 — the final day on which he could have filed a notice of appeal or a petition for discretionary review ("PDR") in the North Carolina Supreme Court, regarding the decision of the North Carolina Court of Appeals on July 5, 2017. See N.C. R. App. P. 14(a) (requiring notice of appeal within 15 days after Court of Appeals issues mandate), 15(b) (allowing until 15 days after Court of Appeals issues mandate to file PDR), 32(b) (stating that mandate shall issue 20 days after filing of opinion unless court orders otherwise); see also Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a petitioner's case becomes final when time for pursuing direct review expires); Saguilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004) (deeming the petitioner's conviction final 35 days after Court of Appeals issued opinion where the petitioner did not file PDR), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005).

Petitioner's one-year period under AEDPA then ran, unimpeded, from August 9, 2017, until it expired one year later on Thursday, August 9, 2018. Because Petitioner did not file the instant Petition until May 27, 2020, that filing remains over 21 months out of time. Moreover, because (as detailed above) Petitioner submitted all of his post-conviction filings well after AEDPA's one-year statute of limitations had already run, none of those belated filings could toll the limitations period, see Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings

7

made after expiration of federal limitations period do not restart or revive that period).

In his Response opposing the instant Motion to Dismiss, Petitioner contends that "Respondent has error [sic] in calculation of the one-year statue [sic] of limitations."  (Docket Entry 16 at 18.)  In that regard, Petitioner asserts that, following the denial by the North Carolina Court of Appeals of his direct appeal but prior to filing his MAR, he "filed a Motion for a Hearing [('2018 Motion')] in the Davie County Clerk of Superior Court February 12, 2018 that was pending."  (Id.)  In further support of that assertion, Petitioner relies on a letter dated January 8, 2019 ("Clerk Letter"), purportedly "from the Davie County Clerk of Superior Court to [] Petitioner . . . acknowledging the [2018 M]otion was filed Feb[ruary] 12, 2018."  (Id. (citing Docket Entry 16-1 at 5).)  According to Petitioner, "the error began in Davie County Superior Court Clerk of Court office where [the] motions [Petitioner] filed went unanswer [sic] till [sic] months later."  (Id. at 19.)  As discussed in further detail below, Petitioner's argument does not establish a basis for overcoming the Petition's untimeliness.

As an initial matter, the Clerk Letter lacks sufficient indicia of reliability to establish that Petitioner in fact filed the 2018 Motion.  Most notably, the Clerk Letter constitutes a mere excerpt of a document, without a closing or a signature (and indeed fails to reflect the identity of the sender at all).  (See Docket

8

Entry 16-1 at 5.) Moreover, the Clerk Letter does not reveal the purpose of the communication (compare id., with Docket Entry 16-1 at 6 ("I am in receipt of your letter dated September 11, 2019 in which you inquire about a [MAR] that you filed in Davie County in February 2019.")), and the first sentence contains a grammatical error (see Docket Entry 16-1 at 5 ("The last thing filed in your file was a letter the Clerk's Office sent you stating we did not have the forms you ask [sic] for on August 13, 2018." (emphasis added))). Additionally, Petitioner neither made mention of the 2018 Motion in the portion of the Petition addressing exhaustion of state remedies (see Docket Entry 3, ¶¶ 7-11), nor referenced it in the Petition's section for explanation of timeliness (see id., ¶ 18). Furthermore, although Petitioner's other attachments to his Response include prison mail logs which appear to show outgoing mail from Petitioner to the Davie County Clerk of Superior Court, those log entries reflect the dates of August 30 and August 31, 2018, do not show any outgoing mail from Petitioner in February 2018, and fail to identify the contents of the mailing. (See Docket Entry 16-1 at 8.)

Alternatively, even assuming, arguendo, that the Court accepted the Clerk Letter as some proof that Petitioner filed the 2018 Motion with the trial court on or about February 12, 2018, Petitioner has still not established that the 2018 Motion tolled the one-year statute of limitations. The Clerk Letter merely refers to a "Motion" filed on "February 12, 2018" that the trial

9

court "[d]enied" at some unidentified point in time and does not identify the <u>type</u> of motion filed. (Docket Entry 16-1 at 5.) Petitioner himself has variously referred to the 2018 Motion as a "[MAR] for a hearing" (Docket Entry 16 at 12) and a "motion for a hearing" (<u>id.</u> at 18), but he has not provided the Court with a copy of the 2018 Motion itself or a copy of an order from the trial court denying the 2018 Motion.

AEDPA's one-year statute of limitations period remains subject to statutory tolling during the pendency of "a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, only "properly filed" documents can trigger tolling. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (describing "properly filed" document as one submitted in accordance with state rules concerning, <u>inter alia</u>, form of document). As Petitioner has not provided the Court with any information regarding the substance of the 2018 Motion (<u>see</u> Docket Entries 3, 16), i.e., the type of "hearing" or other relief he sought, he has not established that the 2018 Motion qualifies as a "properly filed" motion for post-conviction review. <u>See</u> <u>Brown v. Secretary for the Dep't of Corr.</u>, 530 F.3d 1335, 1338 (11th Cir. 2008) ("While a properly filed [state] motion seeking to set aside a conviction would undoubtedly toll [the federal habeas] limitations period during its pendency, it is equally well-settled that a discovery motion does not."); <u>Hodge v. Greiner</u>, 269 F.3d

10

104, 107 (2d Cir. 2001) (ruling that state post-conviction motion seeking materials to develop collateral claim did not toll federal habeas filing period); Redfear v. Smith, No. 5:07CV73-03, 2007 WL 3046345, at *2 n.2 (W.D.N.C. Oct. 17, 2007) (unpublished) (holding that request under "Freedom of Information Act and Privacy Act" failed to toll filing deadline under § 2244(d)), appeal dismissed, 267 F. App'x 266 (4th Cir. 2008); Hansen v. Johnson, No. 2:05CV35, 2005 WL 2218034, at *4 (E.D. Va. Aug.8, 2005) (unpublished) ("[The] petitioner's motion did not toll the statute of limitations because it was not a motion which attempted to vacate his conviction[, but i]nstead . . . sought information which [the] petitioner claimed would have been helpful in developing a challenge to his conviction." (internal citations omitted)).

Moreover, even if the Court found that Petitioner's filing of the 2018 Motion constituted the filing of a proper MAR with the trial court on February 12, 2018, Petitioner still has not demonstrated the timeliness of the instant Petition. To begin, 187 days elapsed between August 9, 2017, the date on which Petitioner's convictions finalized, and February 12, 2018, the date Petitioner alleges he filed the 2018 Motion (see Docket Entry 16 at 12, 18). Next, the Clerk Letter makes clear that the trial court would have denied the 2018 Motion no later than August 13, 2018. (See Docket Entry 16-1 at 5 ("The last thing filed in your file was a letter the Clerk's Office sent you stating we did not have the forms you ask [sic] for on August 13, 2018." (emphasis added)).) Further, as

11

Petitioner does not allege that he filed a certiorari petition in the North Carolina Court of Appeals seeking review of the trial court's denial of the 2018 Motion (see Docket Entries 3, 16), the AEDPA clock started again on September 12, 2018 (i.e., 30 days after the last possible date the 2018 Motion could have remained pending), see Gladney v. Hall, No. 1:12CV3, 2013 WL 6633718, at *6 (M.D.N.C. Dec. 17, 2013) (unpublished) ("[The p]etitioner shall receive tolling credit for the default 30–day period in which he could have sought appellate review of the denial of his first MAR."); Broadnax v. Branden, No. 1:08CV411, 2008 WL 5109754, at *2 (M.D.N.C. Dec. 3, 2008) (unpublished) (Eliason, M.J.) (finding "appropriate" the adding of 30 days after MAR's denial to tolling period), recommendation adopted, slip op. (M.D.N.C. Jan. 14, 2009) (unpublished) (Beaty, Jr., C.J.), and ran for at least 149 more days until Petitioner submitted his MAR on February 8, 2019 (see Docket Entry 10-6 at 31), with 29 days remaining in the limitations period.[6]

---

[6] North Carolina law requires that MARs "be filed with the court" accompanied by a certificate of service. N.C. Gen. Stat. § 15A-951(c); see also N.C. Gen. Stat. § 15A-1420(a)(3) (providing that Section 951(c) governs filing requirements of MARs). Notably, Section 951(c) does not purport to deem MARs "filed" as of the time of mailing, which coheres with case law finding that North Carolina does not apply a mailbox rule to prisoner filings, see Bryson v. Harkleroad, No. 1:10CV36-3, 2010 WL 1328313, at *3-4 (W.D.N.C. Apr. 1, 2010) (unpublished) (citing State v. Kittrell, No. COA08-988, 197 N.C. App. 403 (table), 677 S.E.2d 14 (table), 2009 WL 1522698, at *3-4 (June 2, 2009) (unpublished) (declining to deem MAR "filed" as of date the defendant dated document, and holding that the court "cannot permit [the] defendant to create his own filing date as to a time-sensitive motion simply by writing a date on his letter; the potential for abuse of such a precedent is obvious")), appeal dismissed, 405 F. App'x 773 (4th Cir. 2010). Where states do not apply a mailbox rule to filings in their courts, federal courts should not utilize a mailbox rule
(continued...)

AEDPA's clock began running again on December 3, 2019, the date the North Carolina Court of Appeals denied Petitioner's certiorari petition, (see Docket Entry 10-9),[7] and continued, unimpeded, for 29 additional days until it expired on Thursday, January 2, 2020.[8] As Petitioner did not file the instant Petition in this Court until May 27, 2020, even giving Petitioner's allegations the benefit of the doubt, the Petition remains over four months out of time.

Lastly, in Petitioner's Response in opposition to the instant Motion, Petitioner did not provide any grounds for equitable

---

[6](...continued)
for state court filings in making timeliness calculations under Section 2244(d). See Orpiada v. McDaniel, 750 F.3d 1086, 1089-90 (9th Cir. 2014); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1140-41 (10th Cir. 2003); Ball v. Slagle, No. 1:16CV45, 2016 WL 5844054, at *2 (W.D.N.C. Oct. 4, 2016) (unpublished); Williams v. Matthews, No. 5:14HC2215, 2016 WL 915097, at *3 n.2 (E.D.N.C. Mar. 4, 2016); Pagan v. Young, No. 1:13CV9, 2014 WL 945121, at *3 n.7 (M.D.N.C. Mar. 11, 2014) (unpublished), recommendation adopted, 2014 WL 2112851 (M.D.N.C. May 20, 2014) (Osteen, Jr., C.J.). Thus, the limitations period actually ran for 166 days between September 12, 2018, the latest possible date the 2018 Motion could have remained pending, and February 25, 2019, the date the trial court file-stamped Petitioner's MAR (see Docket Entry 10-6 at 2), and then ran again from December 3, 2019, the date the North Carolina Court of Appeals denied Petitioner's certiorari petition (see Docket Entry 10-9), until it expired on Monday, December 16, 2019, over five months before Petitioner filed the instant Petition.

[7] North Carolina law does not provide for the North Carolina Supreme Court to review the denial of a non-capital MAR. See N.C. Gen. Stat. § 15A-1422(f). Thus, Petitioner's later-filed PDR in the North Carolina Supreme Court (see Docket Entry 10-10) does not constitute a "properly filed" application for post-conviction review that could toll the limitations period. See Saguilar, 348 F. Supp. 2d at 598 n.2, 600-01 (holding that certiorari petition in North Carolina Supreme Court did not represent part of regular review process for post-conviction matters and did not toll limitations period); accord Headen v. Beck, 367 F. Supp. 2d 929, 932 (M.D.N.C. 2005) (holding that "petitions for certiorari" in the North Carolina Supreme Court constituted "neither part of the direct review process nor the ordinary post-conviction review process which tolls the running of the [limitations period]").

[8] The 29th day fell on Wednesday, January 1, 2020, a state holiday.

tolling of the limitations period, see Holland v. Florida, 560 U.S. 631, 649 (2010) (holding that equitable tolling requires proof that "extraordinary circumstance . . . prevented timely filing"). (See Docket Entry 16; see also Docket Entry 3, ¶ 18 (failing to address timeliness issue).)[9]

## IV. Conclusion

The statute of limitations bars the instant Petition.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 9) be granted, that the Petition (Docket Entry 3) be dismissed, and that a judgment be entered dismissing this action, without issuance of a certificate of appealability.

**IT IS ORDERED** that Petitioner's Motion and Request for Attorney (Docket Entry 17) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 15, 2021

---

[9] In view of the Petition's untimeliness, no basis exists to appoint counsel for Petitioner. Accordingly, Petitioner's Motion and Request for Attorney (Docket Entry 17) will be denied.

14