**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| DAVID LEE KLUTTZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:20CV647 |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Respondent's "Motion to Seal Documents" (Docket Entry 11) (the "Sealing Motion"). For the reasons that follow, the Court will grant the Sealing Motion in part.

## I. Background

Petitioner David Lee Kluttz, after conviction in state court of one count of first-degree sexual offense with a child under age 13 and two counts of taking indecent liberties with a minor child (see Docket Entry 10-2 at 23-25), and denial of his state appellate and post-conviction filings (see Docket Entries 10-5, 10-7, 10-9, 10-11), sought a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition") in this Court (Docket Entry 3). Respondent filed a Motion to Dismiss the Petition on grounds of untimeliness along with a supporting brief (Docket Entries 9, 10) and a Motion to Seal Documents accompanied by supporting documents (Docket Entries 11-14). On August 23, 2021, the Court granted Respondent's Motion to Dismiss and entered a Judgment dismissing this action. Kluttz v.

North Carolina, No. 1:20CV647, 2021 WL 2435554 (M.D.N.C. June 15, 2001) (unpublished), recommendation adopted, 2021 WL 3726791 (M.D.N.C. Aug. 23, 2021) (unpublished) (Osteen, Jr., J.). Petitioner has not responded to Respondent's Motion to Seal Documents. (See Docket Entries from Sept. 30, 2020, to present.)

## II. Discussion

### A. Relevant Standards

"[T]wo independent sources" provide the public with a right of access to judicial records: "the common law and the First Amendment." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,'" Stone v. University of Maryland Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)), but "the First Amendment guarantee of access has been extended only to particular judicial records and documents," id. (citing Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (documents filed in connection with summary judgment motion in civil case)).

When a party proposes to seal judicial records to which a public right of access applies, the Court begins by "determin[ing] the source of the right of access with respect to each document," as "only then can it accurately weigh the competing interests at stake." Virginia Dep't of State Police, 386 F.3d at 576 (internal

quotation marks omitted). "The common law presumption of access may be overcome if competing interests outweigh the interest in access," Stone, 855 f.2d at 180 (citing Rushford, 846 F.2d at 253, and In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986)), but "[w]here the First Amendment guarantees access, . . . [such] access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest," id. (citing Rushford, 846 F.2d at 253 (in turn citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984))).

Under either standard, the Court evaluates the competing interests according to the following procedure. First, "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request." Virginia Dep't of State Police, 386 F.3d at 576. Next, "it must consider less drastic alternatives to sealing." Id. Finally, "if it decides to seal[,] it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Id. Those steps "ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." Id.

The legal framework described above applies to requests by a party to file a redacted document, i.e., a document sealed in part. See United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) ("As to those documents subject to a right of access, we must

-3-

then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."); see also Wolfe v. Green, Civ. No. 2:08-1023, 2010 WL 5175165, at *2–3 (S.D.W. Va. Dec. 15, 2010) (unpublished) (granting parties' joint motion to redact filings and holding that parties made necessary showing to address both common-law and first-amendment rights of access); Bethesda Softworks, LLC v. Interplay Entm't Corp., Civ. No. 09-2357, 2010 WL 3781660, at *9–10 (D. Md. Sept. 23, 2010) (unpublished) (treating motion to redact transcript as motion to seal).

**B. Respondent's Sealing Motion**

The Sealing Motion seeks an order permanently sealing 1) the unredacted versions of Exhibits A (record on appeal), C (state's appellate brief), E (Petitioner's Motion for Appropriate Relief), G (Petitioner's certiorari petition to North Carolina Court of Appeals), I (Petitioner's certiorari petition to North Carolina Supreme Court), and K (trial transcript excerpt) (the "Proposed Exhibits") attached to Respondent's brief in support of its Motion to Dismiss (see Docket Entry 11 at 1-2), and 2) the entire Petition and its attachments (see id. at 2).

With regard to the Proposed Exhibits, Respondent filed redacted versions on the public record (Docket Entries 10-2, 10-4, 10-6, 10-8, 10-10, and 10-12), and unredacted versions under seal (Docket Entry 13), along with a reference list under seal

identifying each item of redacted information and providing an identifier corresponding to each redacted item (Docket Entry 14). Respondent's publicly-available, redacted versions of the Proposed Exhibits contain redactions of "all minors' names . . . and substitution of pseudonyms," "any geographic and personal identifiers (such as addresses and phone numbers)" of the minor victim ("C.A."), and "the victim's mother's name and substitution with a pseudonym." (Docket Entry 11 at 2; see also Docket Entries 10-2, 10-4, 10-6, 10-8, 10-10, and 10-12.)

Concerning the Petition and its attachments, Respondent seeks to permanently seal the entire Petition because it "identifies and disparages C.A." by including "C.A.'s full name (first and last)" (Docket Entry 12 at 5 (citing Docket Entry 3 at 4, 7, 46, 94-98, 103)), discussing "details of Petitioner's sexual abuse of C.A." (id. (citing Docket Entry 3 at 96-97)), and "accus[ing] C.A. of having 'mental illness,' 'mental problems,' and 'mental defects'" (id. (citing Docket Entry 3 at 51, 103-05)). Alternatively, "Respondent asks th[e] Court to fashion some other remedy [with respect to the Petition and its attachments] that would adequately protect C.A.'s and the other minors' identities from public disclosure." (Id. at 12.) Respondent seeks permanent sealing and/or redaction of those documents because, "unlike the need to protect criminal investigation until it is completed, there is no

-5-

date at which the victim of sexual abuse will no longer need her anonymity."  (Id. at 9.)

**C. Analysis**

As a matter of procedure, all parties and the public have possessed access to the Sealing Motion since September 30, 2020. (See Docket Entry 11.)  No party or member of the public has filed anything in the intervening time period.  (See Docket Entries dated Sept. 30, 2020, to present).  Accordingly, the Court finds all procedural prerequisites satisfied, as any interested persons have received "notice of the request to seal and a reasonable opportunity to challenge [it]," Virginia Dep't of State Police, 386 F.3d at 576.

Turning to the substance of the Sealing Motion, because the Court considered the Petition and Respondent's Proposed Exhibits in connection with its ruling on Respondent's Motion to Dismiss, the First Amendment confers the public's right of access to those documents.  See, e.g., Lord Corp. v. S&B Tech. Prods., Inc., No. 5:09CV205, 2012 U.S. Dist. LEXIS 39007, at *1–2 (E.D.N.C. Mar. 22, 2012) (unpublished) (applying first-amendment standard because "documents sought to be sealed have been filed in connection with or relate to a motion that seeks dispositive relief").  Thus, Respondent must show that a "compelling governmental interest" supports its Sealing Motion, and that its request "is narrowly tailored to serve that interest," Stone, 855 F.2d at 180.

-6-

Respondent's Sealing Motion and supporting materials do not explicitly reference either the common law or First Amendment standard, but Respondent's supporting memorandum implicitly acknowledges that the First Amendment standard applies to its Sealing Motion, by arguing that "[s]afeguarding the physical and psychological well-being of a minor is a 'compelling interest.'" (Docket Entry 12 at 3 (emphasis added) (quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 607-08 (1982)); see also id. (stating that "Congress recognized the heightened privacy interests for minor victims of physical abuse, sexual abuse, or exploitation and implemented extensive measures to protect them throughout federal criminal prosecutions" (citing 18 U.S.C. § 3509)).) Indeed, the United States Supreme Court in Globe found that "the [] interest [of] safeguarding the physical and psychological well-being of a minor [] is a compelling one." Globe, 457 U.S. at 607 (emphasis added) (footnote omitted).

The Court must now consider whether the Sealing Motion's requests qualify as "narrowly tailored to serve that [compelling] interest," Stone, 855 F.2d at 180. The Court finds Respondent's request to allow the redaction of "all minors' names . . . and substitution of pseudonyms," "any geographic and personal identifiers (such as addresses and phone numbers)" of C.A., and the victim's mother's name and substitution with a pseudonym" in the Proposed Exhibits (Docket Entry 11 at 2) narrowly tailored to

-7-

protect C.A.'s physical and psychological well-being.  Under Rule 5.2 of the Federal Rules of Civil Procedure, parties <u>must</u> redact "the <u>name</u> of an individual known to be a <u>minor</u>" from documents filed electronically or in paper form with the Court.  Fed. R. Civ. P. 5.2(a) (emphasis added).  Furthermore, that Rule authorizes the Court, for "good cause" shown, to "require redaction of <u>additional information</u>," Fed. R. Civ. P. 5.2(e) (emphasis added).  In this case, the Court finds that Respondent has shown "good cause" for the redaction of "additional information," to include "any geographic and personal identifiers (such as addresses and phone numbers)" of C.A., and the victim's mother's name and substitution with a pseudonym" (Docket Entry 11 at 2).  <u>See</u> <u>Manno v. Hooks</u>, No. 1:20CV59, 2021 WL 495870, at *1 (W.D.N.C. Feb. 10, 2021) (unpublished) (granting motion to seal and allowing redaction of "minors' names, any geographic identifiers, and the names of the minors' parents").

Turning to the Petition and its attachments, the Court finds that Respondent's request to seal the <u>entire</u> Petition does not represent a narrowly tailored means of vindicating the interest of protecting C.A.'s well-being.  The Petition and its attachments consist of 160 pages of materials (Docket Entry 3), of which Respondent challenges the content of only <u>15</u> (<u>see</u> Docket Entry 12 at 5 (objecting to identification of "C.A.'s full name (first and last)" (citing Docket Entry 3 at 4, 7, 46, 94-98, 103), discussion

of "details of Petitioner's sexual abuse of C.A." (citing Docket Entry 3 at 96-97), and "accus[ations that] C.A. [] ha[s] 'mental illness,' 'mental problems,' and 'mental defects'" (citing Docket Entry 3 at 51, 103-05))). The limited information to which Respondent objects does not so pervade the Petition and its attachments as to "make[] redaction pointless," Kinetic Concepts, Inc. v. Convatec Inc., No. 1:08CV918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010) (unpublished); see also Harrell v. Duke Univ. Health Sys., Inc., C.A. No. 7:07–813, 2007 WL 4460429, at *1 (D.S.C. Dec. 18, 2007) (unpublished) ("[T]he court finds that it is not possible to redact the records because it would render them meaningless.").

Respondent, in the alternative, asks the Court "to fashion some other remedy [with respect to the Petition and its attachments] that would adequately protect C.A.'s and the other minors' identities from public disclosure." (Docket Entry 12 at 12.) The Court finds that the less drastic remedy of redacting from the Petition and its attachments the same information Respondents redacted from the Proposed Exhibits more narrowly serves the compelling interest of protecting C.A.'s well-being. See Manno, 2021 WL 495870, at 81 ("The [c]ourt will direct the [c]lerk of [c]ourt to redact the names of the minor children and their relatives from the [Section 2254 p]etition and file that redacted version on the public record. The unredacted [Section]

2254 [p]etition shall be placed under seal."). The Court notes that redacting such information from the Petition and its attachments renders the remaining objectionable information, i.e., discussion of the sexual abuse and accusations of mental defects, untraceable to C.A.'s actual identity.[1]

### III. Conclusion

**IT IS THEREFORE ORDERED** that Respondent's Motion to Seal Documents (Unopposed) (Docket Entry 11) is **GRANTED IN PART AND DENIED IN PART** as set out in the body of this Memorandum Opinion and Order. As a result, the unredacted versions of Exhibits A, C, E, G, I, and K to Respondent's Consolidated Brief in Support of Initial Answer and Motion to Dismiss (Docket Entry 13) shall remain under seal. In addition, the Court directs the Clerk of Court to redact in the Petition and its attachments: 1) any minors' names with substitution of pseudonyms as set forth in the reference list (Docket Entry 14), 2) C.A.'s geographic and personal identifiers (such as addresses and phone numbers), and 3) C.A.'s mother's name

---

[1] Although Rule 5.2 exempts Petitioner from the obligation to redact the Petition and its attachments prior to filing, see Fed. R. Civ. P. 5.2(b)(6) (exempting "pro se filing[s]" under Section 2254 from its redaction requirements), the Court retains the authority, for "good cause," to require the post-filing redaction of such pro se documents, Fed. R. Civ. P. 5.2(e). See Caldwell v. Bartow, No. 15-C-293, 2015 WL 3669981, at *1 (E.D. Wis. June 15, 2015) (unpublished) ("While pro se filings under 28 U.S.C. § 2254 are specifically exempted from Rule 5.2(b)(6)'s redaction *requirement*, Rule 5.2's 2007 advisory committee notes state that the Rule's redaction requirements are supported by the federal policy of protecting privacy and security concerns that result from electronic filing and public access to those electronic filings. The privacy and security concerns underlying Rule 5.2, establish "good cause" [under Rule 5.2(e)] for [sealing the requested portions of the Section 2254 petition].").

with substitution of a pseudonym as set forth in the reference list (Docket Entry 14), to file such redacted Petition and its attachments on the public record, and to place the original, unredacted Petition and its attachments under seal.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 14, 2021